Filed 6/13/14  Werstiuk v. Jacobs Engineering Group, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES WERSTIUK, | |
| Plaintiff and Appellant, | G047916 |
| v. | (Super. Ct. No. 30-2011-00502295) |
| JACOBS ENGINEERING GROUP, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

James Werstiuk, in pro. per., for Plaintiff and Appellant.

Seyfarth Shaw, Raymond R. Kepner and Brian P. Long for Defendant and Respondent.

\*          \*          \*

## INTRODUCTION

Plaintiff James Werstiuk appeals after the trial court granted summary judgment in favor of his employer, defendant Jacobs Engineering Group, Inc. (Jacobs). Werstiuk asserted claims for failure to pay overtime wages pursuant to Labor Code section 1194 (failure to pay overtime claim), unlawful business practices in violation of Business and Professions Code section 17200 et seq. (the unlawful business practices claim), violation of Labor Code section 226, and intentional infliction of emotional distress. (All further statutory references are to the Labor Code unless otherwise specified.)

We affirm. Werstiuk's failure to pay overtime claim was premised on the allegation he was misclassified as an exempt employee. The undisputed evidence, however, showed that at all times during his employment, he was classified as nonexempt. Thus, the trial court properly granted summary judgment as to that claim as well as the unlawful business practices claim, which was based on his failure to pay overtime claim. Werstiuk's claim for violation of section 226 was barred by the applicable one-year statute of limitations. Werstiuk's evidence supporting his intentional infliction of emotional distress claim was insufficient to create a triable issue of fact that he was subjected to extreme or outrageous conduct.

In response to this court's order inviting supplemental briefing on specific legal issues, Werstiuk requested we augment the record with certain documents filed in the trial court. Even if we were to exercise our discretion to augment the record with documents identified by Werstiuk and construe his operative complaint more broadly than the trial court did, Werstiuk still did not produce evidence sufficient to raise a triable issue of material fact.

2

BACKGROUND

I.

THE FIRST AMENDED COMPLAINT

Werstiuk filed a first amended complaint (the complaint) against Jacobs, for (1) unlawful business practices; (2) failure to pay overtime; (3) failure to itemize hours worked in violation of section 226; and (4) intentional and negligent infliction of emotional distress.[1]  The complaint alleged Werstiuk was wrongfully classified by Jacobs as an exempt employee, and thus was not paid overtime compensation.  The complaint also alleged Jacobs failed to provide Werstiuk with itemized pay stubs, and Werstiuk was harassed by coworkers who forced him to buy them cigars, bottles of wines, and other goods, to stop their harassment of him.  The complaint further alleged Werstiuk was harassed and retaliated against for opposing the harassment and complaining about unpaid "commissions."

II.

JACOBS FILES A MOTION FOR SUMMARY JUDGMENT AND WERSTIUK OPPOSES.

Jacobs filed a motion for summary judgment or, alternatively, for summary adjudication, in which it argued there were no triable issues of material fact as to any of the causes of action in the complaint.  As to the failure to pay overtime claim, Jacobs asserted it was undisputed that at all relevant times, Werstiuk was classified as nonexempt.  Jacobs argued the unlawful business practices claim therefore failed because it was based on the failure to pay overtime claim.  Jacobs also argued the violation of section 226 claim failed because Werstiuk sought penalties under section 226,

---

[1]  The complaint also named Bob Cramer as a defendant and alleged the claims for intentional and negligent infliction of emotional distress against him.  In their appellate briefs, Werstiuk and Jacobs each state that, pursuant to their stipulation, Werstiuk's negligent infliction of emotional distress claim was dismissed with prejudice from the case.  Werstiuk later dismissed Cramer from the action.

3

subdivision (e), which were barred by the applicable one-year statute of limitations, and because he was unable to show he had suffered actual damages. Jacobs further argued Werstiuk's claim for intentional infliction of emotional distress failed because it was barred by the statute of limitations and was based on alleged conduct that was not extreme or outrageous as a matter of law. Finally, Jacobs asserted Werstiuk's request for punitive damages was without merit because there was no evidence of malice, oppression, or fraud by an officer, director, or managing agent of Jacobs.

III.

THE TRIAL COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT.

The trial court granted the motion for summary judgment. Werstiuk filed a motion for reconsideration on the ground new facts and/or circumstances existed; he also asserted, alternatively, the judgment was entered on an incorrect or erroneous legal basis. Werstiuk concurrently filed a motion for leave to amend the complaint, as well as a motion pursuant to Code of Civil Procedure section 473, subdivision (b), seeking relief from the order granting summary judgment, on the ground his attorney inadvertently failed to better conform the allegations of the complaint to the evidence presented.

Judgment was entered in favor of Jacobs. The trial court denied the motion seeking relief from the order granting summary judgment because "[a]n attorney affidavit of fault does not warrant relief from Judgments or Orders based on a determination of the merits; Summary Judgment or Summary Adjudication of Issues is not a 'default[,'] 'default judgment[,'] or 'dismissal' within the meaning of CCP §473(b) to allow the statute to apply; The failure to adequately oppose a motion for Summary Judgment is not a valid ground for relief from Judgment; **Deny**[.]" The court also denied the motion for reconsideration because the court had lost jurisdiction to hear the motion after judgment was entered. The court denied the motion to file an amended complaint because there was "no legal basis to be heard by itself, as Judgment has been entered; **Moot**."

4

Werstiuk appealed.  None of the rulings on Werstiuk's motions is at issue in this appeal.

IV.

WE AUGMENT THE APPELLATE RECORD WITH DOCUMENTS FROM THE SUPERIOR COURT FILE RELEVANT TO OUR RESOLUTION OF THE ISSUES PRESENTED IN THIS APPEAL.

On February 5, 2014, we issued an order stating, pursuant to California Rules of Court, rule 8.155(a)(1)(A), we intended to augment the record on appeal, on our own motion, to include the following documents from the superior court file: (1) "Plaintiff's Response to Defendant's Separate Statement of [Alleged] Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Summary Adjudication," filed October 3, 2012; (2) "Plaintiff's Separate Statement of Disputed Material Facts in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment/Summary Adjudication of Issues," filed October 3, 2012; (3) "Plaintiff James Werstiuk's Declaration in Support of Opposition to Motion for Summary Judgment," filed October 3, 2012; and (4) "Declaration of Ronald L. Zambrano of Supporting Evidence in Opposition to Motion for Summary Judgment, or in the Alternative, Motion for Summary Adjudication," filed October 3, 2012.  We invited any party to file an opposition to our proposed action.

Jacobs timely filed opposition to our proposed action, in which it argued "the late inclusion of the documents identified in the Court's Order will prejudice [Jacobs] because [Jacobs] has not had an opportunity to address that evidence in its brief."  Jacobs also requested, in the alternative, that this court further augment the record with Jacobs's response to Werstiuk's separate statement of disputed facts, Jacobs's evidentiary objections to Werstiuk's declaration, Jacobs's proposed order regarding its evidentiary objections, and the supplemental declaration of Brian Long, filed in support of Jacobs's reply in support of its motion for summary judgment.

5

We reject Jacobs's argument that it is prejudiced by our consideration of the documents identified in our February 5, 2014 order and on our own motion hereby augment the record with those documents. We do not need to further augment the record with the documents identified in Jacobs's response to our order and alternative motion to augment the record, to resolve the issues presented in this appeal. For the reasons we discuss *post*, we conclude summary judgment in favor of Jacobs was properly granted.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

We review orders granting summary judgment de novo. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 35.) A motion for summary judgment is properly granted if the moving papers establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) "[W]hen, as here, the question involves the trial court's interpretation of a statute and the legal meaning of a written instrument on undisputed evidence, the question is one of law, subject to de novo review." (*Kelly v. County of Los Angeles* (2006) 141 Cal.App.4th 910, 919.) Where the uncontradicted facts are susceptible of only one legitimate inference, the trial court may resolve a statute of limitations issue on summary judgment. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112.)

### II.

#### THE FAILURE TO PAY OVERTIME CLAIM

The trial court granted summary judgment as to the failure to pay overtime claim on the ground it was based on the allegation Werstiuk was misclassified as an

exempt employee and thus not paid overtime compensation. In support of its motion for summary judgment, Jacobs produced evidence establishing that Werstiuk was classified as a nonexempt employee throughout his employment; Werstiuk did not dispute the fact he was classified as a nonexempt employee.

In his opening brief on appeal, Werstiuk argues summary judgment should not have been granted as to the failure to pay overtime claim because he alleged he "was 'forced' to not document hours for overtime worked as if he was 'overtime exempt' in the . . . [c]omplaint." In the complaint, however, Werstiuk alleged he was wrongfully classified an exempt employee, and "subsequently [Jacobs] failed to pay him earned wages in the form of, including but not limited to, overtime earned." The complaint did not contain any allegations that Werstiuk was instructed to not document overtime hours or otherwise falsely report hours worked.

"The complaint limits the issues to be addressed at the motion for summary judgment. The rationale is clear: It is the allegations in the complaint to which the summary judgment motion must respond. [Citation.] Upon a motion for summary judgment, amendments to the pleadings are readily allowed. [Citation.] If a plaintiff wishes to expand the issues presented, it is incumbent on the plaintiff to seek leave to amend the complaint either prior to the hearing on the motion for summary judgment, or at the hearing itself. [Citation.] To allow a party to expand its pleadings by way of opposition papers creates, as it would here, an unwieldy process." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1258.) "To allow an issue that has not been pled to be raised in opposition to a motion for summary judgment in the absence of an amended pleading, allows nothing more than a moving target. For Code of Civil Procedure section 437c to have procedural viability, the parties must be acting on a known or set stage." (*Id.* at pp. 1258-1259, fn. 7.)

7

Werstiuk neither alleged in the complaint that he was forced to understate the total numbers of hours he worked, nor timely requested leave to further amend the complaint to reflect a new factual basis for his failure to pay overtime claim.

Werstiuk's opening brief suggests, without analysis or citation to evidence, that, notwithstanding the absence of a triable issue of fact as to his failure to pay overtime claim as based on his being misclassified as an exempt employee, his failure to pay overtime claim should nevertheless have survived summary adjudication. His opening brief contains citations to the general allegations contained in the complaint, stating Werstiuk "often worked beyond eight (8) hours within a given day, and 40 hours within a given week, without being paid any overtime and/or an appropriate overtime rate." Even if Werstiuk's claim might be reasonably construed as seeking the recovery of unpaid overtime compensation without regard to how he was classified, Werstiuk fails to cite any evidence in his opening brief or provide any analysis to support an award of unpaid overtime compensation in any amount.

Although Werstiuk was represented by counsel in the trial court, he is currently unrepresented in this appeal. The Advisory Committee commentary following canon 3B(8) of the California Code of Judicial Ethics provides in part: "[W]hen a litigant is self-represented, a judge has the discretion to take reasonable steps, appropriate under the circumstances and consistent with the law and the canons, to enable the litigant to be heard." (Advisory Com. com., 23 pt. 4 West's Ann. Codes, Canons (2014 supp.) foll. canon 3B(8), p. 354, italics omitted.)

In the exercise of our discretion, and in order to provide Werstiuk a full opportunity to be heard, we invited the parties to submit supplemental briefs addressing whether, assuming Werstiuk had been properly classified as a nonexempt employee during his employment, his opposition to the motion for summary judgment or summary adjudication contained sufficient evidence to create a triable issue of fact (under the first

8

and second causes of action) as to whether Jacobs owes Werstiuk any earned but unpaid wages.

In response to our invitation to file a supplemental brief analyzing this issue, Werstiuk did not provide *any* analysis, citations to the record, or citations to legal authority. Instead, he solely requested we further augment the record with several unauthenticated documents. We reject Werstiuk's request for further augmentation of the appellate record for several reasons. First, we have already expressed our intent to augment the record with some of the documents identified in Werstiuk's response, and, as discussed *ante*, have so augmented the record. Second, other documents identified by Werstiuk are not necessary for the resolution of the issues on appeal. Finally, Werstiuk identifies and attaches a document which he identifies as "United States Department of Labor Wage and Hour Division Report and Findings dated December 12, 2011," although nothing in our record shows it was ever before the trial court.

In the exercise of our discretion permitted under *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316, we reviewed the evidence submitted by Werstiuk in opposition to the motion for summary judgment contained in our augmented record. This evidence includes excerpts from Werstiuk's deposition, in which he testified he had been paid for overtime sometimes, but not always. At his deposition, Werstiuk testified he could not estimate the number of hours he had worked but for which he had not been paid. He stated, "[i]t would have to be more than 100," but he was not sure whether it was more than 1,000 hours. (Underscoring omitted.) When asked "[i]s there anything that you could look at that would tell you that," Werstiuk responded, "[i]f you got me my access key card records and the computer filing records when I was at the building." (Underscoring omitted.) He also said he "made some notes at the end on [his] paychecks on the comment parts of those paycheck boxes that [he] was working on this job on the weekend and [he] did some hours, but that was the very end of when [he] was there." (Underscoring omitted.) Werstiuk never submitted to the court

any such evidence and has not shown the existence of a quantifiable claim. Werstiuk did not refer to any records showing how much overtime pay he had earned but for which he had not been paid in either his appellate briefing or in response to our invitation to file a supplemental brief. Werstiuk does not argue he had sought any such materials in discovery but was not provided them.

Consequently, even were we to construe Werstiuk's failure to pay overtime claim, due to a misclassification, as a general claim for unpaid overtime wages, Werstiuk failed to produce any evidence showing the existence of a triable issue of fact on his failure to pay overtime claim.

III.

THE UNLAWFUL BUSINESS PRACTICES CLAIM

The unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.) "does not proscribe specific activities, but in relevant part broadly prohibits 'any unlawful, unfair or fraudulent business act or practice.' [Citation.] ""'Because . . . section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. "In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."'""" (*Aleksick v. 7-Eleven, Inc.* (2012) 205 Cal.App.4th 1176, 1184.) "'"'By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable."' [Citation.] 'Virtually any law—federal, state or local—can serve as a predicate for a [UCL] action.' [Citation.] *When a statutory claim fails, a derivative UCL claim also fails*." (*Id.* at p. 1185, italics added.)

Here, the unlawful business practices claim is entirely based on, and thus derivative of, Werstiuk's failure to pay overtime claim. Summary judgment was properly granted as to Werstiuk's failure to pay overtime claim, as discussed *ante*. For the same

10

reasons, summary judgment was properly granted as to the unlawful business practices claim.

IV.

VIOLATION OF SECTION 226 CLAIM

The trial court granted summary judgment as to the cause of action for violation of section 226, on the ground it was barred by the applicable one-year statute of limitations. Section 226, subdivision (a) provides that semimonthly or at the time of each payment of wages, an employer must provide employees with an itemized statement of wages, hours worked, and deductions from wages. Section 226, subdivision (e) provides that an employee who is injured as a result of the employer's knowing and intentional failure to provide itemized wage statements is entitled to recover the greater of his or her actual damages or $50 for the initial pay period in which the violation occurs and $100 for each violation in a subsequent pay period of the violation, "not to exceed an aggregate *penalty* of four thousand dollars ($4,000)," in addition to costs and attorney fees. (Italics added.)

Although a three-year statute of limitations applies to an action for wages (Code Civ. Proc., § 338, subd. (a)), a one-year statute of limitation applies to an action to recover a penalty (Code Civ. Proc., § 340, subd. (a)). In *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1108, the California Supreme Court noted that "the Legislature imposed a *penalty* on employers who fail to provide itemized wage statements that comply with the Labor Code. (§ 226, subd. (e) . . . .)" (Italics added.)

Here, it is undisputed Werstiuk's last day of active work for Jacobs was on September 3, 2009. Werstiuk did not file his complaint until August 23, 2011. His claim for violation of section 226, in which he sought the recovery of a penalty under section 226, subdivision (e), was therefore time-barred by the applicable one-year statute of limitations under Code of Civil Procedure section 340, subdivision (a). Summary judgment was therefore properly granted.

11

## V.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

"A cause of action for intentional infliction of emotional distress exists where there is "'""'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.""'"'" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050.) "A defendant's conduct is 'outrageous' when it is so ""'extreme as to exceed all bounds of that usually tolerated in a civilized community.'"" [Citation.] And the defendant's conduct must be ""'intended to inflict injury or engaged in with the realization that injury will result.'"" [Citation.] [¶] Liability for intentional infliction of emotional distress '"does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." [Citation.]' [Citations.]" (*Id.* at pp. 1050-1051.)

The statute of limitations for a claim of intentional infliction of emotional distress is two years. (Code Civ. Proc., § 335.1.) As the complaint was filed on August 23, 2011, in order for Werstiuk's claim to be within the statute of limitations, it must have been based on conduct occurring after August 23, 2009. The complaint alleged Werstiuk was subjected to "extreme and outrageous conduct" by his coworkers in the form of "harassment, bullying, teasing, demanding gifts in exchange for a stress free environment and retaliation against Plaintiff for opposing harassment and complaining about unpaid commissions." The complaint also alleged his coworkers sent Werstiuk e-mails while he was out on disability leave, in which they demanded he return to work. In his deposition, Werstiuk testified the allegedly harassing conduct of his coworkers occurred more than one month before he went on leave on September 3, 2009; thus, such conduct was not actionable as it was barred by the two-year statute of limitations.

12

In opposition to the motion for summary judgment, Werstiuk produced evidence that during the two weeks before he went out on disability leave, a manager made fun of him while he was cleaning the office kitchen; Werstiuk explained he felt humiliated cleaning the sink and performing other general office duties in front of other CAD (computer aided design) technicians who were his peers but were not asked to do such non-CAD technician duties.

The manager's alleged conduct of making fun of Werstiuk one day while he cleaned a sink was not sufficiently extreme or outrageous to support an intentional infliction of emotional distress claim as a matter of law. No evidence of any e-mails supporting this claim was produced in opposition to the motion for summary judgment. The trial court properly granted summary judgment.

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

13